# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Civil Case No. 18-cv2257 ADM/BRT



John L. Corrigan, Jr.,

        Plaintiff,

vs.

City of Savage, a municipal entity;         **COMPLAINT**
Police Officer Kerkaert, Police Officer
Culbreth, Police Officer Kyle
Klapperick; Police Officer Alexandria
Marklowitz; Police Officer Uthe,
Amber Bernier, a private individual;         **JURY TRIAL DEMANDED**
Assistant Scott County Attorney
Nelson Rhodus; Judge Christian
Wilton; Scott County Sheriff Hennen;
Probation Officer Lynn Hanson;

        Defendants.

---

Plaintiff John L. Corrigan, Jr., for his Complaint against above-named Defendants, states and alleges as follows:



1

§ 42 USC 1983 - COMPLAINT

## PRELIMINARY STATEMENT

1. This is a civil rights action brought under 42 U.S.C. § 1983 and raising supplemental state-law claims concerning the actions of five defendant police officers, Defendants Bernier, Wilton, Rhodus, Hennen, Hanson, Scott County and City of Savage in unlawfully arresting, maliciously prosecuting, denying due process, prosecutorial misconduct, denying access to the courts and cruel and unusual punishment. The actions and conduct of the defendants are the result of a policy, practice, custom, and deliberate indifference on the part of Defendants City of Savage and Scott County. Further, Defendant Bernier, even though an individual and not an official – was acting for the state which exercised coercive power or significant encouragement, either overt or covert, where the choice to continue is deemed to be that of the state. Defendant Bernier acted jointly with Defendant Police Officers and Defendant Rhodus to deprive the Plaintiff of his constitutional rights to be free from unlawful seizure and his right to due process through a fair trial.

## JURISDICTION

2. This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), 1343(a)(4), and 1367(a).

## PARTIES

3. Plaintiff John L. Corrigan, Jr., was at all times relevant to this Complaint a resident of Minnesota.

4. Defendant City of Savage, is a municipality in the State of Minnesota and owns, operates, manages, directs, and controls the Savage Police Department, which employs defendant Police Officers.

5. Defendant Police Officer Kerkaert, is and was at all times relevant to this Complaint an officer in the Savage Police Department. He is sued in his individual capacity.

6. Defendant Police Officer Culbreth, is and was at all times relevant to this Complaint an officer in the Savage Police Department. He is sued in his individual capacity.

7. Defendant Police Officer Kyle Klapperick, is and was at all times relevant to this Complaint a Sergeant in the Savage Police Department. He is sued in his individual capacity.

8. Defendant Police Officer Alexandria Marklowitz, is and was at all times relevant to this Complaint an officer in the Savage Police Department. She is sued in her individual capacity.

§ 42 USC 1983 - COMPLAINT

9. Defendant Police Officer Uthe, is and was at all times relevant to this Complaint an officer in the Savage Police Department. She is sued in her individual capacity.

10. Defendant Amber Bernier, is an adult individual who at all times relevant to this Complaint was a private individual believed to reside in Scott County. She is sued in her individual capacity.

11. Defendant Nelson Rhodus is an adult individual who at all times relevant to this Complaint was the Assistant Scott County Attorney. He is sued in his individual capacity and for the unconstitutional statute Cause only – in his official capacity.

12. Defendant Judge Christian S. Wilton is an adult individual who at all times relevant to this Complaint was the presiding judge of Plaintiff's criminal trial. He is sued in his individual capacity. Note: He is sued for Declaratory Relief only. He is *not* being sued for damages.

13. Defendant Scott County, is a county in the State of Minnesota and owns, operates, manages, directs, and controls, the Scott County Attorney's Department, the Scott County Sheriff's Department, and the Scott County Probation Department which employs defendants Rhodus, Hennen and Hanson.

14. Defendant Sheriff Hennen is an adult individual who at all times relevant to this Complaint was the Sheriff of Scott County, Minnesota. He is sued in his individual capacity.

15. Defendant Lynn Hanson is an adult individual who at all times relevant to this Complaint was a Probation Officer for Scott County, Minnesota. She is sued in her individual capacity.

16. At all times relevant to this Complaint, all defendants acted in concert and conspiracy and were jointly and severally responsible for the harms caused to Plaintiff.

17. At all times relevant to this Complaint, all defendants acted under color of state law.

## FACTUAL ALLEGATIONS

### Arrest & Citation

18. On May 1, 2017, Plaintiff hand delivered a Notice of Claim to the offices of Gary Shelton, and Ellen Classen. A copy was also e-mailed to gshelton@co.scott.mn.us, and bstock@ci.savage.mn.us. No one responded.

19. In the late afternoon of August 3, 2016, Plaintiff was in front of Defendant Bernier in the left lane travelling northbound on Highway 169. At nearly the same time both moved toward an exit lane. Both cars came noticeably close to each other, and both made eye contact.

20. Plaintiff followed Defendant Bernier in a safe manner for the purpose of effecting legal consequences for Defendant Bernier's actions which almost caused a four-car collision. Defendant Bernier was followed for approximately 15 minutes.

21. At some point, Defendant Bernier stopped her vehicle and asked Plaintiff why Plaintiff was following her. Defendant Bernier said that if Plaintiff did not stop following her, she would call the police. Plaintiff communicated to her that the police should be called.

22. Defendant Bernier called 911 and was directed around the corner to the police station. Defendant Bernier drove to the police station parking lot. Plaintiff followed at a respectable distance, parked, and exited his vehicle.

23. Defendant Police Officer Kerkaert arrived in a squad car with its flashing lights and video cam activated blocking Plaintiff's vehicle. Plaintiff placed his passport on the hood of his vehicle which Defendant Kerkaert took from the hood of Plaintiff's vehicle.

24. Shortly, Defendants Culbreth and Kyle Klapperick arrived and together with Defendant Kerkaert used various tactics to get Plaintiff to answer their questions. There was a police presence at all times Plaintiff was being questioned.

25. Plaintiff was harassed, intimidated, threatened and insulted throughout the questioning.

26. Defendant Uthe and Defendant Marklowitz arrived and interviewed Defendant Bernier. Later, under the direction of Defendant Klapperick the two officers took Defendant Bernier's statement and she was then allowed to leave.

27. Plaintiff was given a citation for 5th Degree Battery, given back his passport, and was allowed to leave the scene.

28. According to the recorded statement, Defendant Bernier wanted Plaintiff to stop following her. The police wanted a basis to cite Plaintiff, so after she said what happened without mentioning that she was fearful, she was asked how she felt.

29. As a direct and proximate result of the conduct of Defendants Kerkaert, Culbreth, Klapperick, Marklowitz, Uthe and Bernier, Plaintiff suffered substantial damages, including pain and suffering, emotional distress and harm, embarrassment, loss of the enjoyment of life, and lost wages.

30. At all times relevant to this complaint, the conduct of Defendants Kerkaert, Culbreth, Klapperrick, Marklowitz, Uthe and Bernier was in willful, reckless, and callous disregard of plaintiff's rights under federal and state laws.

31. Defendants Kerkaert, Culbreth, Klapperrick, Marklowitz and Uthe did not observe Plaintiff committing the crime of 5th Degree Battery – a minor misdemeanor - and therefore, had no authority to arrest Plaintiff without first

7

§ 42 USC 1983 - COMPLAINT

applying for and obtaining a valid warrant for his arrest. MN Statute § 629.34, Sub. 1.

32. At no time did Plaintiff commit any offense in violation of the laws of the City of Savage, the State of Minnesota, or the United States.

**Pre-Trial & Trial**

33. Plaintiff went to his arraignment and requested a verified complaint. When Plaintiff received his verified complaint, the charge was changed from 5th Degree Assault (a misdemeanor) to Stalking (a gross misdemeanor). Defendant Bernier's police statement did not support a basis for 5th Degree Assault and it did not support a basis for Stalking – because Plaintiff was simply following Defendant Bernier in a non-aggressive and non-threatening manner.

34. Plaintiff challenged probable cause at the Omnibus Hearing stating the matter should be dismissed because he was arrested on a misdemeanor violation that did not occur in the presence of the arresting officers – which was contrary to statute. The court claimed this was not an issue because he was never arrested – in spite of the facts showing: a) Plaintiff was interrogated, harassed, intimidated, and threatened for over 30 minutes; b) a police presence of 1-3 police officers at all times; c) a police vehicle with its lights flashing blocked Plaintiff's vehicle; e) the police vehicle had its video cam activated; and f) the police had Plaintiff's passport from the beginning of the encounter to the end of the encounter.

35. On several occasions prior to trial, Defendant Bernier, and members of the attorney's office met under the auspices of conducting investigatory meetings. Nothing was being investigated. Defendant Bernier was being prepared to give false, misleading, and perjured testimony. Defendant Rhodus exercised coercive power or significant encouragement over Defendant Bernier, either overt or covert, where the choice to change her testimony is deemed to be that of the state. Defendant Bernier willfully participated with Defendant Rhodus in the common goal of depriving the Plaintiff of his constitutional right to due process and a fair trial.

36. At trial Defendant Bernier gave testimony that Defendant Rhodus knew or should have known was false. Defendant Rhodus did not correct trial testimony that would have compromised Defendant Bernier's credibility. A post-verdict motion was filed by Plaintiff alleging even more false testimony by Defendant Bernier which was rationalized by defendants Rhodus and Wilton as immaterial.

37. Judge Wilton showed his bias and prejudice throughout the judicial process by:

- His March 27, 2017 ORDER claiming Plaintiff was driving aggressively, however, there was nothing on the record to support this claim. Also, this same order claimed the police had probable cause to arrest Plaintiff on the

Stalking charge; however, the probable cause determination is based on the 5th Degree Assault Charge and not the later applied Stalking charge;

- Interrupting Plaintiff numerous times and chastising him in front of the jury;

- Allowing Bernier to avoid yes/no questions by answering with long worded answers.

- Calling Defendant Bernier the "Victim" in jury instructions;

- Failing to provide jury instructions on Plaintiff's legitimate theory of the case that simply following someone is not a crime, and that private persons can follow someone they witness commit a public offense

- Refusing a stay after the sentencing hearing and immediately incarcerating Plaintiff in jail;

- Cruel and unusual punishment of sentencing 120 days in jail for following a person - for 15 minutes - off the highway in a non-aggressive, non-threatening manner;

- Making a Pre-Sentence Investigation report a condition of stay pending sentencing;

- Accepting the Pre-Sentence Investigation report without discounting the outcome of that report which came from someone who did not have the proper training to professionally complete such a report.

38.     Defendant Hanson submitted a Pre-Sentence Investigation report in which she determined that based on various categories that Plaintiff's Area of Risk is that "Overall, this individual's level of risk is: **Unknown**" and that the Sentence Recommendation was that: "It is respectfully recommended that John Louis Corrigan serve 120 days in the Scott County Jail." A review of the report showed that Defendant Hanson did not have the necessary training to properly investigate, analyze and/or complete the report.

**Unconstitutional Statute**

39.     Minnesota's Stalking statute is unconstitutional:

- The First Amendment "doctrine of substantial overbreadth" allows a person to challenge a stalking statute on the grounds that it may be unconstitutionally applied to legal behaviors; and

- The Fifth and Fourteenth amendments guarantee citizens due process rights, including effective notice of the behavior that is criminalized by stalking statutes.

40.     Minnesota's stalking statute is unconstitutional as it is applied to Plaintiff. Plaintiff followed Defendant Bernier for approximately fifteen minutes in a non-aggressive and non-threatening manner. This is legal behavior and not proscribed by the statute.

41. While Plaintiff was serving his sentence in Scott County Jail under the control and supervision of Defendant Hennen, he tried to access the court but was unable because there was no adequate law library nor an adequate system to obtain legal assistance to obtain a court order for work release. As a meaningful appeal and/or other motions could not be drafted from jail, Plaintiff had no other option than to hire an attorney to assist in the appeal, work release request and/or other motions.

## CAUSES OF ACTION

### Count I
### Plaintiff v. Defendants Kerkaert, Culbreth, Klapperrick, Marklowitz, Uthe and Bernier
### Federal Constitutional Claims

42. The actions of Defendants Kerkaert, Culbreth, Klapperrick, Marklowitz, Uthe and Bernier violated plaintiff's rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution relating to free speech, unlawful arrest, right to remain silent, retaliatory prosecution, and malicious prosecution (Factual Allegations numbered 23-32 for Police Officers and 19-32 and 35-36 for Bernier).

### Count II
### Plaintiff v. Defendant City of Savage

§ 42 USC 1983 - COMPLAINT

## Federal Constitutional Claims

43. The violations of plaintiff's constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, plaintiff's damages, and the conduct of the individual defendants were directly and proximately caused by the actions and/or inactions of defendant City of Savage, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

   a. Legal cause to stop, detain, arrest, and criminally charge a citizen;

   b. The proper exercise of police powers, including but not limited to the making of an arrest, the use of force, and the bringing of criminal charges; and

   c. The failure of police officers to follow established policies, procedures, directives, and instructions regarding arrests and the institution of criminal charges under such circumstances as presented by this case.

(Factual Allegations numbered 23-32).

## Count III
## Plaintiff v. Defendants Wilton and Rhodus
## Federal Constitutional Claims

§ 42 USC 1983 - COMPLAINT

13

44. The actions of Defendants Wilton and Rhodus violated plaintiff's rights under the Fifth and Fourteenth Amendments to the United States Constitution by denying liberty without due process of law. (Factual Allegations numbered 33-36 for Rhodus and 37 for Wilton).

## Count IV
### Plaintiff v. Defendants Wilton and Hanson
### Federal Constitutional Claims

45. The actions of Defendants Wilton and Hanson violated plaintiff's rights under the Eighth and Fourteenth Amendments to the United States Constitution by imposing the cruel and unusual punishment of 120 days in jail for following Defendant Bernier for 15 minutes in a non-aggressive and non-threatening manner (Factual Allegations numbered 37 and 38).

## Count V
### Plaintiff v. Defendant Rhodus in Official Capacity
### Federal Constitutional Claims

46. The action of Defendant Rhodus acting in his official capacity violated plaintiff's rights under the First (overbroad), Fifth (vagueness) and Fourteenth Amendments to the United States Constitution (Factual Allegations numbered 39-40).

14

§ 42 USC 1983 - COMPLAINT

## Count VI
## Plaintiff v. Defendant Scott County
## Federal Constitutional Claims

47. The violations of plaintiff's constitutional rights under the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, plaintiff's damages, and the conduct of Defendants Hennen and Hanson were directly and proximately caused by the actions and/or inactions of Defendant Scott County, which has encouraged, tolerated, ratified, and has been deliberately indifferent to the following policies, patterns, practices and customs, and to the need for more or different training, supervision, investigation, or discipline in the areas of:

    a. Legal responsibility of county to provide prisoners with "adequate law libraries or adequate assistance from persons trained in the law;" and

    b. The proper exercise of probation officer powers, including but not limited to the investigation, analysis, and recommendation of the Pre-Sentence Investigation report. (Factual Allegations numbered 33-37).

## Count VII
## Plaintiff v. Kerkaert, Culbreth, Klapperick, Marklowitz, Uthe, Rhodus, Bernier, Hennen, Hanson, City of Savage, and Scott County
## State Law Claims

48.    The conduct of the defendants Kerkaert, Culbreth, Klapperick, Marklowitz, Uthe and Rhodus was willful, reckless, and intentional and constituted false arrest, false imprisonment, denial of due process, intentional infliction of emotional distress, prosecutorial misconduct (Rhodus), and malicious prosecution under state law, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

49.    The conduct of Defendant Bernier was willful, reckless, and intentional and constituted misrepresentation, perjury, and intentional infliction of emotional distress under state law, and this Court has supplemental jurisdiction to hear and adjudicate these claims.

50.    The conduct of defendants Hennen, Hanson, City of Savage, and Scott County was willful, reckless, and intentional and constituted intentional infliction of emotional distress under state law, and this Court has supplemental jurisdiction to hear and adjudicate these claims
(Factual Allegations 23-41).

## RELIEF

Wherefore, Plaintiff requests this Court to Order:

1. Compensatory damages;

2. Punitive damages against the individual defendants;

3. Attorney's fees and costs;

4. All other appropriate relief.

Plaintiff hereby demands a jury trial.

DATED: August 1, 2018

*John Corrigan*
John L. Corrigan, Jr.
1705 – 3rd Ave W, #26
Shakopee, MN 55379
(253) 709-5860

§ 42 USC 1983 - COMPLAINT