UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| John L. Corrigan, Jr., | Civil File No. 0:18-cv-2257 ADM/BRT |
| Plaintiff, | |
| vs. | **DEFENDANT JUDGE CHRISTIAN WILTON'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** |
| City of Savage, *et al.*, | |
| Defendants. | |

## INTRODUCTION

Defendant the Honorable Christian Wilton moves to dismiss the Complaint filed by Plaintiff John L. Corrigan, Junior. Plaintiff's Complaint, as to Judge Wilton, relates to his dissatisfaction with Judge Wilton's adjudication of Plaintiff's state-law criminal case. For numerous independent reasons, Plaintiff's claims against Judge Wilton should be dismissed. These reasons include the *Rooker-Feldman* doctrine, absolute judicial immunity, as well as the failure to state a claim upon which relief may be granted. Accordingly, Judge Wilton respectfully requests that this case be dismissed with prejudice.[1]

## STATEMENT OF FACTS

On August 2, 2018, Plaintiff filed the underlying Complaint, which asserts seven

---

[1] In light of Judge Wilton's pending dispositive motion, he requests that the Pretrial Conference, currently scheduled for September 6, 2018, be postponed or canceled as to Judge Wilton. (Doc. 5.)

claims against twelve Minnesota state and county governmental agencies and officials.[2] (Doc. 1.)  These claims pertain to Plaintiff's dissatisfaction with a state-law criminal case, wherein Plaintiff was charged and convicted of stalking, in violation of Minn. Stat. § 609.749.2.  *State of Minnesota v. John Louis Corrigan*, Court File No. 70-CR-16-14594 (Scott Cnty. Dist. Ct.).[3]  (Landrum Aff. Ex. A (Register of Actions).)  Judge Wilton presided over this case and following a jury-trial conviction, sentenced Plaintiff to 120-days in jail.  (Doc. 1 at ¶ 37.)  Plaintiff thereafter filed an appeal to the Minnesota Court of Appeals, which affirmed the conviction and sentence.  (Landrum Aff. Ex. B.)

In the pending matter, Plaintiff asserts that Judge Wilton violated his federal procedural due process rights (Count III) and subjected him to cruel and unusual punishment (Count IV).  (*Id.* at ¶¶ 44-45.)  Plaintiff seeks declaratory relief.  (*Id.* at ¶ 12.)

## STANDARD OF REVIEW

"Subject-matter jurisdiction is a threshold requirement which must be assured in every federal case."  *Kronholm v. F.D.I.C.*, 915 F.2d 1171, 1174 (8th Cir. 1990).  The existence of subject matter jurisdiction in federal court is a question of law.  *Keene Corp. v. Cass*, 908 F.2d 293, 296 (8th Cir. 1990).  A federal court must dismiss a claim if it lacks subject-matter jurisdiction over the claim.  Fed. R. Civ. P. 12(b)(1), 12(h)(3).  When evaluating these facial challenges to subject matter jurisdiction, "the court merely

---

[2] Judge Wilton is not yet served, but waives service and seeks dismissal with prejudice.

[3] The Court may consider court orders and filings, which are public documents, without converting this Motion to Dismiss into a motion for summary judgment.  *See Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) (stating that on a motion to dismiss, the "court may take judicial notice of public records").

[needs] to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015) (internal quotation marks and citation omitted) (emendation in original). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005). As it considers this facial challenge to subject matter jurisdiction brought under Rule 12(b)(1), "[t]he district court may take judicial notice of public records and may thus consider them[.]" *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003).

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim must be granted where the complaint does not allege "enough facts to state a claim to relief that is plausible on its face" rather than merely "conceivable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Courts must accept a plaintiff's specific factual allegations as true but are not required to accept a plaintiff's legal conclusions." *Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010). "A pleading need not include detailed factual allegations, but it is not sufficient to tender naked assertion[s] that are devoid of further factual enhancement." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (per curiam) (*en banc*) (internal quotation marks and citation omitted). In addition, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

**ARGUMENT**

Plaintiff's Complaint should be dismissed as to Judge Wilton for at least three reasons. <u>First</u>, the Complaint should be dismissed under the *Rooker-Feldman* doctrine. <u>Second</u>, the Complaint should be dismissed because Judge Wilton is entitled to absolute judicial immunity. <u>Finally</u>, Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief can be granted as to Judge Wilton.

**I.   ALL CLAIMS ASSERTED AGAINST JUDGE WILTON SHOULD BE DISMISSED UNDER THE *ROOKER-FELDMAN* DOCTRINE.**

First and foremost, Plaintiff's Complaint must be dismissed because it plainly seeks relief jurisdictionally foreclosed by the Supreme Court's decisions in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Lower federal courts lack subject-matter jurisdiction over challenges to state-court decisions. *Feldman*, 460 U.S. at 486; *Rooker*, 263 U.S. at 415-16. In *Rooker*, the Court held that federal district courts have no appellate jurisdiction over state courts. The Court expanded upon that foundational principle in *Feldman*, holding that federal district courts may not exercise jurisdiction over issues that are "inextricably intertwined" with a prior state-court judgment. *Canal Capital Corp. v. Valley Pride Pack, Inc.*, 169 F.3d 508, 512 (8th Cir. 1999).

A federal claim is inextricably intertwined with a prior state-court judgment when the relief sought would effectively reverse or void the state-court ruling. *Id.* (citations omitted). Federal district courts are prohibited from reviewing state-court decisions even if the plaintiff alleges "that the state court's action was unconstitutional." *Feldman*, 460

U.S. at 486. State appellate courts review appeals from district court decisions, and federal review is available only in the United States Supreme Court. 28 U.S.C. § 1257; *Feldman*, 460 U.S. at 476, 482, 486.

*Rooker-Feldman* applies to: "[1] cases brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the [federal] district court proceedings commenced and [4] inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Each of these criteria are present in this case because Plaintiff seeks to abrogate and overturn his criminal conviction and sentence. Plaintiff's criminal case is finally adjudicated under state law. Accordingly, Plaintiff's Complaint must be dismissed for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine.

## II. All Of Plaintiff's Claims Against Judge Wilton Fail Under The Doctrine Of Absolute Judicial Immunity.

In addition, all of Plaintiff's claims must be dismissed because as a judicial officer, Judge Wilton is immune from this lawsuit under the well-established doctrine of absolute judicial immunity. As described above, Plaintiff's claims against Judge Wilton relate exclusively to Judge Wilton's role as a judge presiding over Plaintiff's criminal case. As a result, Judge Wilton is entitled to immunity as a matter of law.

"The immunity of a judge for acts within his jurisdiction has roots extending to the earliest days of the common law." *Imbler v. Pachtman*, 424 U.S. 409, 423, n.20 (1976). "Besides protecting the finality of judgments or discouraging inappropriate collateral attacks . . . judicial immunity also protect[s] judicial independence by insulating judges

from vexatious actions prosecuted by disgruntled litigants." *Forrester v. White*, 484 U.S. 219, 225 (1988). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "The doctrine therefore applies to suits for injunctive relief as well as claims for money damages." *Edlund v. Montgomery*, 355 F. Supp. 2d 987, 990 (D. Minn. 2005). "[J]udicial immunity is not overcome by allegations of bad faith or malice," *Mireles*, 502 U.S. at 11, and it "applies even when the judge is accused of acting maliciously and corruptly[.]" *Pierson v. Ray*, 386 U.S. 547, 554 (1967). Allegations of conspiracy are also insufficient. *See Moses v. Parwatikar*, 813 F.2d 891, 892-93 (8th Cir. 1987).

Minnesota state courts are courts of general jurisdiction. Minn. Stat. § 484.01, subd. 1 (state district courts have original jurisdiction in all civil and criminal cases). This general jurisdiction includes jurisdiction over criminal matters. Minn. Stat. § 484.01, subd. 1(1); *State v. Schnagl*, 859 N.W.2d 297, 301 (Minn. 2015) ("Minnesota's district courts are courts of general jurisdiction that, with limited exceptions . . . have the power to hear all types of civil and criminal cases."). Judge Wilton therefore acted within his jurisdiction when he presided over Plaintiff's criminal case and imposed the 120-day sentence. Any allegations of conspiracy, bad faith, malice, or fraud do not circumvent the judicial immunity to which Judge Wilton is entitled. Accordingly, Plaintiff cannot state any claim upon which relief might be granted as to Judge Wilton.

### III. PLAINTIFF OTHERWISE FAILS TO STATE A CLAIM AGAINST JUDGE WILTON.

Even if Judge Wilton were not entitled to dismissal for the reasons described above, dismissal is still appropriate because Plaintiff's claims fail as a matter of law.

Indeed, Plaintiff asserts no viable legal claim against Judge Wilton, but rather, merely describes his dissatisfaction with the results of his criminal case and disputes various rulings and official actions taken by Judge Wilton. (Doc. 1 at ¶ 37.)

    A.    *Plaintiff's Due Process Claim Fails.*

Plaintiff has failed to plead a procedural due process claim. The public records in Plaintiff's criminal case definitively establish that Plaintiff was provided with all the process he was due. Accordingly, viewed in the light most favorable to the Plaintiff, his procedural due process claim against Judge Wilton fails.

Procedural due process questions are examined in two steps: the first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient. *Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). While Plaintiff has an undisputed interest in his personal liberty, he has been provided with all the process to which he is due.

The public records, as described above and by the Minnesota Court of Appeals Opinion (Landrum Aff. Ex. B), demonstrate that Plaintiff was provided with notice and an opportunity to be heard by a neutral adjudicator on all issues pertaining to his criminal case. The public records also indicate that Plaintiff was present and participated at all relevant hearings and at trial. Most importantly, the public records definitely establish the Plaintiff was represented by counsel during the trial and on appeal.

While Plaintiff is unhappy with the results of his criminal case, such dissatisfaction is insufficient to support a procedural due process claim. *Boner v.*

*Eminence R-1 Sch. Dist.*, 55 F.3d 1339, 1342 (8th Cir. 1995) (holding that due process "secures only an opportunity to be heard, not guaranteed or probable success"). Finally, to the extent that Plaintiff disagreed with the holdings of Judge Wilton, his proper remedy was appeal to the Minnesota Court of Appeals. *See* Minn. Stat. § 480A.06. Accordingly, Plaintiff's procedural due process claim fails as a matter of law.

  B. *Plaintiff's Eighth Amendment Claim Fails As A Matter Of Law.*

Plaintiff also asserts a "cruel and unusual" punishment claim against Judge Wilton for imposing a 120-day sentence. This claim can be easily dismissed. "[T]he Eighth Amendment contains a narrow proportionality principle, that does not require strict proportionality between crime and sentence but rather forbids only extreme sentences that are grossly disproportionate to the crime." *Graham v. Florida*, 560 U.S. 48, 59-60 (2010) (internal quotation marks and citation omitted).

Plaintiff's 120-day sentence for criminal stalking cannot, as a matter of law, constitute cruel and unusual punishment because it is not an "extreme sentence," nor is it "grossly disproportionate." *See, e.g.*, *Harmelin v. Michigan*, 501 U.S. 957 (1991) (upholding life without parole sentence for possessing cocaine); *Ewing v. California*, 538 U.S. 11 (2003) (upholding 25 years to life sentence for theft of athletic gear); *Rummel v. Estelle*, 445 U.S. 263 (1980) (upholding life sentence for obtaining money by false pretenses); *Hutto v. Davis*, 454 U.S. 370 (1982) (upholding 40-year sentence for

possession of marijuana with intent to distribute).[4]  Accordingly, Plaintiff's Eighth Amendment claim as to Judge Wilton must be dismissed.

## CONCLUSION

For the foregoing reasons, Judge Wilton requests that all claims against him be dismissed with prejudice and that judgment be entered accordingly

Dated:  August 16, 2018                                      Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL
State of Minnesota

s/ Kathryn Iverson Landrum
Kathryn Iverson Landrum
Assistant Attorney General
Atty. Reg. No. 0389424

445 Minnesota Street, Suite 1100
St. Paul, Minnesota 55101-2128
(651) 757-1189 (Voice)
(651) 282-5832 (Fax)
kathryn.landrum@ag.state.mn.us

ATTORNEY FOR DEFENDANT JUDGE CHRISTIAN WILTON

---

[4] *See also United States v. Sorensen*, 893 F.3d 1060, 1067 (8th Cir. 2018) ("In only an extremely rare case will a noncapital sentence be so disproportionate to the underlying crime that it runs afoul of the Eighth Amendment.") (internal quotation marks and citation omitted).