# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

John L. Corrigan, Jr.,

    Plaintiff,

v.

City of Savage, a municipal entity; Kyle
Klapperick, Police Officer; Alexandria
Marklowitz, Police Officer; Amber Bernier,
a private individual; Nelson Rhodus,
Assistant Scott County Attorney; Christian
Wilton, Judge; Lynn Hanson, Probation
Officer; Gabe Kerkaert, Police Officer;
Edward Culbreth, Officer; Ashley Uthe,
Police Officer; Luke Hennen, Scott County
Sheriff; and Scott County, a municipality,

    Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 18-2257 ADM/BRT

_____

John L. Corrigan, Jr., Shakopee, MN, pro se.

Kathryn Iverson Landrum, Assistant Attorney General, Minnesota Attorney General's Office, St. Paul, MN, on behalf of Judge Christian Wilton.

Daniel P. Kurtz, Esq., League of Minnesota Cities, St. Paul, MN, on behalf of City of Savage, Gabe Kerkaert, Edward Culbreth, Kyle Klapperick, Alexandria Marklowitz, and Ashley Uthe.

Anna L. Yunker, Esq., and William J. Everett, Esq., Everett & VanderWeil, P.L.L.P., Rosemount, MN, on behalf of Nelson Rhodus, Lynn Hanson, Luke Hennen, and Scott County.
_____

## I. INTRODUCTION

    This matter is before the undersigned United States District Judge for a ruling on Plaintiff John L. Corrigan, Jr.'s ("Corrigan") Objection [Docket No. 86] to Magistrate Judge Becky R. Thorson's January 14, 2019 Report and Recommendation [Docket No. 85] ("R&R"). In the R&R, Judge Thorson recommends granting Defendant Judge Christian Wilton's ("Judge

Wilton") Motion to Dismiss Amended Complaint [Docket No. 35]; granting Defendants City of Savage, Police Officer Gabe Kerkaert ("Officer Kerkaert"), Police Officer Edward Culbreth ("Officer Culbreth"), Police Officer Kyle Klapperick ("Officer Klapperick"), Police Officer Alexandria Marklowitz ("Officer Marklowitz"), and Police Officer Ashley Uthe's ("Officer Uthe") (collectively, the "Savage City Defendants") Motion for Judgment on the Pleadings [Docket No. 45]; granting Defendants Scott County, Assistant Scott County Attorney Nelson Rhodus ("Prosecutor Rhodus"), Scott County Sheriff Luke Hennen ("Sheriff Hennen"), and Probation Officer Lynn Hanson's ("Probation Officer Hanson") (collectively, the "Scott County Defendants") Motion for Judgment on the Pleadings [Docket No. 50]; granting Defendant Amber Bernier's ("Bernier") Motion for Judgment on the Pleadings [Docket No. 69]; and dismissing Corrigan's Amended Complaint [Docket No. 23].

Responses to Corrigan's Objection have been filed by Judge Wilton [Docket No. 87], the Savage City Defendants [Docket No. 88], and the Scott County Defendants [Docket No. 89].

After a de novo review of the record, and for the reasons stated below, the Objection is overruled and the R&R is adopted.

## II. BACKGROUND

The factual background of this case is set forth in the R&R and is incorporated by reference. Briefly, on August 3, 2016, Corrigan was driving on the freeway when his car nearly collided with Bernier's. Am. Compl. ¶ 19. The parties made eye contact, and Corrigan began deliberately following Bernier's car. Id. ¶ 20. After Corrigan had followed Bernier for 15 minutes, Bernier stopped her car and told Corrigan that she would call the police if he did not stop following her. Id. ¶¶ 20–21. Corrigan responded that the police should be called. Id. ¶ 21.

Bernier called 911 and was directed to a nearby police station.  Id. ¶ 22.  Corrigan followed Bernier's car into the police station parking lot, parked, and got out of his car.  Id.  Officer Kerkaert arrived in a squad car with lights flashing and parked behind Corrigan's vehicle.  Id. ¶ 23.  Corrigan placed his passport on the hood of his car and Officer Kerkaert picked up the passport.  Id.  Officers Culbreth and Klapperick arrived and, together with Officer Kerkaert, began asking Corrigan questions.  Id. ¶ 24.  Officers Marklowitz and Uthe also arrived and interviewed Bernier.  Id. ¶ 26.  The officers cited Corrigan for fifth degree assault and returned his passport to him.  Id. ¶ 27.  Prosecutor Rhodus later amended the charge to stalking under Minn. Stat. § 609.749.  Id. ¶ 33.

Judge Wilton presided over Corrigan's criminal jury trial.  Id. ¶¶ 36–37.  The jury returned a verdict finding Corrigan to be guilty of stalking.  Id.  Judge Wilton ordered the Scott County probation office to prepare a Pre-Sentence Investigation Report ("PSI Report").  Id. ¶ 37.  Probation Officer Hanson prepared the PSI Report, which concluded that Corrigan would not be amenable to probation and recommended a sentence of 120 days in the Scott County Jail.  Id. ¶ 38.  Judge Wilton imposed a 120-day sentence as recommended in the PSI Report.  Corrigan appealed his conviction and sentence, and the Minnesota Court of Appeals affirmed.  See State v. Corrigan, No. A17–1145, 2018 WL 3214271 (Minn. Ct. App. July 2, 2018).  The Minnesota Supreme Court denied certiorari.

Corrigan filed this 42 U.S.C. § 1983 lawsuit on August 2, 2018, alleging federal constitutional claims against all Defendants and asserting state law claims against Scott County and the Savage City Defendants.  Id. ¶¶ 42–50.  The R&R recommends dismissing the federal constitutional claims with prejudice and dismissing the state law claims without prejudice.

3

## III. DISCUSSION

### A. Standard of Review

In reviewing a magistrate judge's report and recommendation on a dispositive matter, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b). A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

### B. Corrigan's Objections

Corrigan raises numerous objections to the R&R. The Court addresses the objections in the sequence presented.

#### 1. Fraud on the Court - Unlawful Arrest

Corrigan argues the officers lacked probable cause to arrest him because they did not witness the misdemeanor being committed. Obj. at 1–3. This argument fails for multiple reasons. First, as the R&R correctly determined, the officers did not arrest Corrigan. Rather, the officers conducted a stop under Terry v. Ohio, 392 U.S. 1 (1968) and issued a citation to Corrigan at the conclusion of the stop. Corrigan argues he was arrested because he was not free to leave, as Officer Kerkaert parked his squad car behind Corrigan's car and was holding Corrigan's passport. However, Corrigan does not allege that any officer told Corrigan he was under arrest or that he was not free to leave the scene. Nor does Corrigan allege that the officers handcuffed him or otherwise physically confined him. These circumstances do not constitute "a formal arrest or restraint on freedom of movement of the degree associated with a formal arrest." United States v. Williams, 760 F.3d 811, 814 (8th Cir. 2014).

4

Even if Corrigan had been arrested, the "prevailing view" under federal law "is that the Constitution does not require that a misdemeanor offense must have occurred in the officer's presence to justify a warrantless arrest." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1259 (8th Cir. 2010). Minnesota law also does not impose a presence requirement. In Minnesota, an officer may "make an immediate pursuit and stop of a person who has committed a misdemeanor in the very recent past." State v. Stich, 399 N.W.2d 198, 199 (Minn. Ct. App. 1987). Here, the officers arrived on the scene shortly after Corrigan had followed Bernier into the police parking lot. Although Corrigan knew that Bernier was sufficiently threatened by his conduct that she found it necessary to call the police, he refused to stop following her and was still in her presence when the police arrived. Thus, Corrigan's misdemeanor had been very recently committed (or was still being committed) at the time he was arrested.

Corrigan also argues that the officers lacked probable cause to believe Corrigan committed a crime because "[f]ollowing someone is not a crime." Obj. at 3. Corrigan raised the same argument to the state district court and the Minnesota Court of Appeals without success. See State v. Corrigan, No. 70–CR–16–14594, 2018 WL 3214271, at *3 (Minn. Ct. App. July 2, 2018) (holding that "the evidence supports Corrigan's conviction based on proof beyond a reasonable doubt" and thus "necessarily also meets the much lower, probable-cause standard").

Corrigan's claims for unlawful arrest are also barred by Heck v. Humphrey, which holds that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 487

5

(1984). The plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486–87. As the R&R correctly concluded, Heck v. Humphrey applies here because a judgment in favor of Corrigan on his § 1983 claims for unlawful arrest would necessarily imply the invalidity of his conviction or sentence, and Corrigan has not proven that his conviction or sentence has already been reversed, expunged, invalidated, or called into question by the grant of a writ of habeas corpus.

Additionally, had Corrigan's false arrest claims not been barred by Heck v. Humphrey, the Court agrees with the R&R's conclusion that probable cause existed for Corrigan's citation, charge, and prosecution. See R&R at 18 n.9.

### 2. Fraud on the Court – Fraudulent Evidence

Corrigan next argues Bernier's testimony at trial was "the fraudulent, conspiratorial creation of Defendant Bernier, Defendant Rhodus and/or Defendant Rhodus' office," because Bernier's statements to the police did not describe Corrigan's behavior as aggressive or threatening. Obj. at 4.

As the R&R correctly recognized, Bernier is entitled to absolute immunity from any claim that is based on her testimony. See R&R at 33 (citing Rehberg v. Paulk, 566 U.S. 356, 367, 369 (2012)). Similarly, Prosecutor Rhodus is entitled to absolute prosecutorial immunity from suit for acts performed in initiating Corrigan's prosecution and presenting the State's case at trial. See R&R at 24 (citing Reasonover v. St. Louis Cnty., 447 F.3d 569, 580 (8th Cir. 2006)).

### 3. Constitutional Issue

Corrigan next argues that Minnesota's stalking statute, Minn. Stat. § 609.749, is unconstitutional. Obj. at 4–6. This claim, alleged in Count V of the Amended Complaint, amounts to an attack on Corrigan's conviction. Because a finding in Corrigan's favor on this claim would imply the invalidity of his conviction and Corrigan has not proven that his conviction has already been reversed, expunged, invalidated, or called into question by the grant of a writ of habeas corpus, the claim is barred under Heck v. Humphrey, 512 U.S. 477.

### 4. Heck v. Humphrey

Corrigan next argues that Heck v. Humphrey does not apply to his claims because he was arrested without a warrant. Obj. at 6. However, Heck v. Humphrey makes no distinction for the manner of arrest.

Corrigan further argues that Heck v. Humphrey does not apply to released prisoners. Obj. at 6–7. This argument contradicts Eighth Circuit law, which holds that Heck v. Humphrey bars collateral attacks on still-valid state convictions, even when a criminal defendant is no longer incarcerated. See Entzi v. Redmann, 485 F.3d 998, 1003 (8th Cir. 2007) (holding that "the [Heck v. Humphrey] principle barring collateral attacks . . . is not rendered inapplicable by the fortuity that a convicted criminal is no longer incarcerated"); Newmy v. Johnson, 758 F.3d 1008, 1009–12 (8th Cir. 2014).

### 5. § 1983 Claims Against Judge Wilton

Corrigan next argues that the R&R erred in concluding Judge Wilton is entitled to judicial immunity from Corrigan's suit for declaratory judgment. Obj. at 8. Corrigan contends that judicial immunity does not apply because Corrigan was unlawfully arrested and thus Judge

7

Wilton was acting without jurisdiction. As discussed above, Corrigan was not unlawfully arrested. Even if he had been, judicial immunity would still apply because a judge is entitled to absolute judicial immunity unless the judge has acted in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 357 (1978). Judge Wilton was acting within his jurisdiction in making the rulings Corrigan now challenges. See Minn. Stat. 484.01, subd. 1 (stating that district courts have original jurisdiction in all civil and criminal cases).

Additionally, Corrigan's Objection fails to address the R&R's alternative ground for recommending dismissal of Corrigan's claims against Judge Wilton: that the claims must be dismissed for failure to state a claim. See R&R at 16 n.7. The Court agrees with the conclusion in the R&R that Corrigan has not plausibly pled a due process claim or an Eighth Amendment claim against Judge Wilton.

**6. § 1983 Claims Against the Savage City Defendants**

Corrigan next argues that the R&R erred in recommending dismissal of his claims against the Savage City Defendants. Obj. at 9. Corrigan contends that Heck v. Humphrey does not apply to his claims against the Savage City Defendants because the officers lacked probable cause to arrest him. Heck v. Humphrey again applies for the reasons discussed above.

Corrigan further argues that the officers violated the First Amendment by arresting him in retaliation for remaining silent and refusing to cooperate with the investigation. This argument fails because the claim is based on Corrigan's erroneous assumption that he was arrested.

Corrigan also contends that the officers violated his Fifth Amendment right to remain silent by subjecting him to custodial interrogation without a Miranda[1] warning. Again, Corrigan

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

was not arrested and thus was not in police custody. "No Miranda warning is necessary for persons detained for a Terry stop." United States v. McGauley, 786 F.2d 888, 890 (8th Cir. 1986).

Corrigan also argues that he is entitled to discovery on his Monell[2] claim against the City of Savage. Corrigan has failed to allege a constitutional violation by the Savage City police officers, and thus no Monell liability exists for the City of Savage. See Whitney v. City of St. Louis, 887 F.3d 857, 861 (8th Cir. 2018) ("[A]bsent a constitutional violation by a city employee, there can be no § 1983 or Monell liability for the City."). With no viable claim, discovery is inappropriate.

### 7. § 1983 Claims Against the County Defendants

#### a. Defendant Rhodus

Corrigan again argues that Defendant Rhodus is not entitled to prosecutorial immunity because he solicited false testimony from Defendant Bernier. Obj. at 10. This argument is rejected for the reasons stated in Paragraph III.B.2., above.

Corrigan also argues that absolute prosecutorial immunity does not apply because Defendant Rhodus was acting in an investigatory capacity rather than a prosecutorial capacity when he met with Defendant Bernier prior to trial. This argument is rejected because meeting with a witness to prepare for her trial testimony is a prosecutorial function that is protected by absolute immunity. Reasonover, 447 F.3d at 580.

#### b. Probation Officer Hanson

Corrigan next objects to the R&R's conclusion that Probation Officer Hanson is entitled

---

[2] Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

9

to quasi-judicial immunity for preparing the PSI Report. Obj. at 11. Corrigan contends Probation Officer Hanson's actions were administrative and she was not acting in furtherance of a judicial decision. Obj. at 11. This argument contradicts Eighth Circuit precedent recognizing that "because presentence reports are so closely associated with the exercise of a judicial function, probation officers who prepare these reports are entitled to absolute immunity." Anton v. Getty, 78 F.3d 393, 396 (8th Cir. 1996). Additionally, Probation Officer Hanson was acting in furtherance of a judicial sentencing decision because Judge Wilton ordered that a PSI Report be prepared for his use in Corrigan's sentencing. Am. Compl. ¶ 37.

Corrigan also argues that Probation Officer Hanson is not entitled to immunity because her recommendation of a 120-day sentence is based on "bizarre questions" Probation Officer Hanson asked Corrigan that were not related to his crime. However, "[a]bsolute quasi-judicial immunity would afford only illusory protection if it were lost the moment an officer acted improperly." Martin v. Hendren, 127 F.3d 720, 722 (8th Cir. 1997). Probation Officer Hanson is entitled to absolute quasi-judicial immunity.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff John L. Corrigan, Jr.'s Objection [Docket No. 86] to Magistrate Judge Becky R. Thorson's January 14, 2019 Report and Recommendation is **OVERRULED**;

2. The Report and Recommendation [Docket No. 85] is **ADOPTED**;

3. Defendant Judge Christian Wilton's Motion to Dismiss Amended Complaint [Docket No. 35] is **GRANTED**;

4. Defendants City of Savage, Police Officer Gabe Kerkaert, Police Officer Edward

Culbreth, Police Officer Kyle Klapperick, Police Officer Alexandria Marklowitz, and Police Officer Ashley Uthe's Motion for Judgment on the Pleadings [Docket No. 45] is **GRANTED**;

5. Defendants Assistant County Attorney Nelson Rhodus, Scott County Sheriff Luke Hennen, Probation Officer Lynn Hanson, and Scott County's Motion for Judgment on the Pleadings [Docket No. 50] is **GRANTED**;

6. Defendant Amber Bernier's Motion for Judgment on the Pleadings [Docket No. 69] is **GRANTED**; and

7. Corrigan's Amended Complaint [Docket No. 23] is **DISMISSED** in its entirety. Counts I through VI are dismissed with prejudice, and Count VII is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: April 4, 2019.